```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JOHN TREEN, ET AL.                              CIVIL ACTION

VERSUS                                          NO: 10-3359

JERRY BROWN, ET AL.                             SECTION: R(2)


## ORDER AND REASONS

Plaintiffs have filed a complaint against Judge Jerry Brown of the Bankruptcy Court for the Eastern District of Louisiana and two United States Trustees for this district.[1] Plaintiffs bring suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. 1983, and 42 U.S.C. 1985.  They allege that defendants' actions in the bankruptcy cases of Delta Star Broadcasting, L.L.C., Case No. 05-12087, and La-Terr Broadcasting Corp., Case No. 06-10107, violated their constitutional rights under the Fifth and Fourteenth Amendments.

Embedded in the complaint is a prayer for a temporary restraining order.  A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the

---

[1] R. Doc. 1.

defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"  Fed. R. Civ. P. 65(b)(1)(A).

Plaintiffs have failed to demonstrate a substantial likelihood that they will prevail on the merits.  To the contrary, it appears that the Court has already rejected plaintiffs' arguments that Michael Starr was not properly authorized to file a Chapter 7 bankruptcy petition on behalf of La-Terr on February 20, 2006.[2]  Further, "the immunity of judges from liability for damages for acts committed within their judicial jurisdiction" is well-established.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  United States Trustees also enjoy absolute immunity when acting pursuant to a court order. *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981); *Fleming v. United States*, No. SA-04-CA-0641-XR, 2006 WL 770575 at *4 (W.D.Tex. Mar. 22, 2006) (collecting cases). Additionally, plaintiffs have not shown that irreparable harm will result if the temporary restraining order is not granted before the defendants can be heard in opposition.  Temporary restraining

---

[2]    Case No. 09-7127, R. Doc. 12 at 12-13.

orders are "extraordinary relief and rarely issued," *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D.La. 1999), and plaintiffs have not shown that such an order is merited in this case.

New Orleans, Louisiana, this 13th day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE